### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-mj-72** |
| **TIMOTHY BROCKERMAN,** | |
| **Defendant.** | |

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION OF DEFENDANT TIMOTHY BROCKERMAN

The United States of America, by and through its undersigned counsel, respectfully submits this supplemental memorandum in support of its motion that Defendant Timothy Brockerman be detained pending trial pursuant to Title 18, United States Code, Section 3142(f)(1)(A) (crime of violence). On April 29, 2025, the defendant traveled from Virginia to the District of Columbia intending to sexually abuse a six-year-old girl after chatting with an undercover police officer who offered to make his fictitious child available for the defendant to rape. The defendant was arrested and has been charged by criminal complaint with violating Title 18, United States Code, Section 2423(b) (travel with intent to engage in illicit sexual conduct).

This court held a detention hearing on Monday May 5, 2025, during which the court requested additional briefing on the issue of whether the rebuttable presumption in favor of detention found in 18 U.S.C. 3142(e)(3)(E) applies where the minor victim involved in the offense is a not an actual minor but rather is merely a fictitious minor. The weight of authority in this District and elsewhere demonstrates that the statutory language "minor victim" in the Bail Reform Act does not distinguish between "actual" and "fictitious" minors, and thus includes

minors like the purported 6-year-old that the defendant intended to rape in this case.  The government respectfully requests that this Court consider the following points and authorities, as well as any information presented at the detention hearing, and order the defendant be detained pending trial.

<u>**Argument**</u>

Congress has specified that for "an offense involving a minor victim" under specific statutes including Section 2423, "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(E).   Judges in the District of Columbia have routinely interpreted the words "an offense involving a minor victim" in this statute to include all minors --whether "actual" or "fictitious" minors – and they have consistently applied the rebuttable presumption in § 3142(e)(3)(E) in cases involving factual scenarios like those presented here. *See e.g. United States v. Johnston*, No. 17-MJ-0046 (BAH), 2017 WL 4326390, at *4 (D.D.C. Sept. 28, 2017) (noting that a violation of Section 2423(b) "is a serious crime" subject to a rebuttable presumption of detention and referring to the fictious minor in that case as a "minor victim."); *United States v. Breeden*, No. 15-MJ-0506 (AK-ABJ), 2015 WL 13310427, at *7 (D.D.C. Nov. 16, 2015) ("because a violation of section 2423(b) is a crime involving a minor victim under 18 U.S.C. § 3142(e)(3)(E), the court further fines that defendant is presumed to be dangerous under section 3142(e)(3)(E)."); and *United States v. Beauchamp-Perez*, 822 F. Supp. 2d 7, 10 (D.D.C. 2011) ("With respect to the nature and circumstances of the offense, the charged offense is serious and involved traveling with intent to have sex with a twelve year-old minor victim.  The Court finds that this factor supports detaining the defendant; indeed, it is the basis for the presumption in favor of detention.")

Defense counsel asserts that judges in the District of Columbia have been misinterpreting the words "an offense involving a minor victim" when applying the section 3242(e)(3)(E) rebuttable presumption to cases involving fictitious minors.  Defense counsel suggests that, in interpreting this language, judges should introduce a distinguish between actual minors and fictitious minors, despite Congress' failure to make such a distinction in language of the statute. In support of this claim, the defense cites a single, nearly twenty-year old case from another District, *United States v. Kahn*, 524 F.Supp. 2d 1278 (W.D. Wash. 2007), in which a court concluded that the electronic monitoring provisions of section 3142(c)(1)(B) did not apply to a section 2423(b) violation involving a fictitious minor.  The *Kahn* decision was the first decision to address the meaning of the phrase "minor victim" in the context of the Bail Reform Act.   The reasoning in *Kahn*, which narrowly construed the words "minor victim" and failed to consider the broader context of the statute in which the words appeared, has been rejected by the majority of Districts throughout the country, and has not been followed by any other District.

In *United States v. Kirkpatrick*, 2023 WL 4846620 (D.Kansas 2023), a magistrate judge in the District of Kansas, thoroughly examined the use of the words "minor victim" in the Bail Reform Act, and discussed the negative treatment of the *Khan* decision by courts throughout the country.   The *Kirkpatrick* court explained, "since the 2007 *Kahn* decision, courts interpreting the language 'involving a minor victim' in § 3142 have rejected *Kahn*'s interpretation of the phrase, instead employing an approach that considers the overall content of the sentence in which the phrase appears."  *Id.* at 6.  *See  United States v. Phillips*, No. 3:06-CR-47, 2009 WL 10711323, at *3 (N.D.W. Va. Jan. 20, 2009) (concluding that "rebuttable presumption found in Section [3142](e) applies in situations where ethe 'minor victim' is actually a fictious minor"); *United States v. Schuetz ("Schuetz I")*, No. 12-MJ-3046, 2012 WL 2923171, at *4 (C.D. Ill.

July 19, 2012) (concluding that the phrase "involves a minor victim" in § 3142(e)(3)(E) is a categorical term that refers to the category of crimes that harm minors); *United States v. Schuetz ("Schuetz II"),* No. 12-MJ3046, 2012 WL 3185905, at *4 (C.D. Ill. Aug. 2, 2012) (reviewing magistrate judge's detention order and reaching same conclusion).   The *Kilpatrick* court noted that "to date, while additional courts have followed this same analysis to reach the same conclusion as to the meaning of the minor victim phrase, it does not appear that any court has embraced *Kahn's* narrow interpretation of the phrase." *Id.* at *5. The *Kilpatrick* court noted a series of decisions in which district court judges found that the rebuttable presumption applied in cases involving fictitious minors. *See e.g. United States v. Larson*, No. 21-CR-41-JED, 2021 WL 2222737, at *6 (N.D. Okla. June 2, 2021) (finding that the rebuttable presumption applied and focusing on the fact that the criminal statute with which the defendant was charged criminalized conducted directed by defendants unknowingly at undercover law enforcement officers); *United States v. Lama*, No. 3:19-CR-167-J-34MCR, 2021 WL 146905, at *5 (M.D. Fla. Jan. 15, 2021) (finding that the rebuttable presumption applied in a case involving an undercover law enforcement official posing as a 12-year-old and noting that the statute under which the defendant was charged criminalized the conduct at issue); *United States v. Howell*, NO. 2:17-CR-00248-DCN, 2017 WL 4411037, at *2 (D. Idaho Oct. 3, 2017) (finding that the rebuttable presumption applied given that "[n]othing in the Bail Reform Act distinguishes between the offense listed in § 3142(e)(3)(E) which involve 'actual' minor victims and those that do not.").

In *United States v. Rizzuti*, 611 F.Supp. 2d 967 (E.D. Mo. 2009), a Missouri District Court judge rejected the *Khan* reasoning and concluded instead that the words "minor victim" in 3142(c)(1)(B) did apply to a section 2422(b) violation involving a fictitious minor.  In reaching

its conclusion, the *Rizzuti c*ourt broadened its focus and considered the entire sentence in which the words the "minor victim" appeared in the statute, including the Bail Reform Act's citation to specific criminal statutes that also include the phrase "involving a minor victim."  The *Rizzuti* court reasoned that by restricting the mandatory conditions to offenses involving violations of specific statutes, including the statute at issue in that case, section 2422, Congress meant to include all illegal activity proscribed by that statute, including attempt crimes, which in turn include "conduct directed by defendants unknowingly at undercover law enforcement officers." *Id.* at 970.  The *Rizzuti* court also noted that, in passing the PROTECT Act, 18 U.S.C. § 2252A, Congress included the phrase "actual minor" in three different places, but in the Adam Walsh Act, Congress did not use such a phrase.  *Id*.  Thus, "mindful that courts have a 'duty to refrain from reading a phrase into the statute when Congress has left it out,' this court refrains from inserting the word, 'actual' before the phrase 'minor victim' in the Adam Walsh Act." *Id.*   This court should similarly decline to read the word "actual" into the language of 18 U.S.C. § 3142(e)(3)(E).

This court should apply the rebuttable presumption in 18 U.S.C. § 3142(e)(3)(E) in this case and should find that given the danger inherent in the nature of the offense and the overwhelming weight of the evidence in this case, this presumption in favor of detention cannot been overcome.  Moreover, even if the court were to find that the presumption could be overcome, this court should find that the proposed third-party custodian plan presented on behalf of the defendant would be inadequate to ensure the safety of the community.  The custodian proposed by the defendant testified that he works outside of this home frequently and that he does not believe that the defendant committed the offense to which the defendant himself has already confessed.  It is clear from the proposed custodian's testimony, that he would be unable

to provide adequate supervision of the defendant.  In addition, the apartment proposed as the defendant's residence contains firearms and is located in a building where children reside.  Thus, the release plan purposed by the defense would be inadequate to ensure the safety of the community.

## <u>Conclusion</u>

For the foregoing reasons, and for the reasons discussed in the government's initial Memorandum in Support of Pre-trial Detention, the government respectfully requests that this Court detain the defendant pending trial.

> Respectfully submitted,
>
> EDWARD R. MARTIN, Jr.
> United States Attorney
> D.C. Bar No. 481866

Dated: May 6, 2025          By:          /s/ *Karen L. Shinskie*
                                        Karen L. Shinskie
                                        D.C. Bar No. 1023004
                                        Assistant United States Attorney
                                        United States Attorney's Office for the
                                        District of Columbia
                                        601 D Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 730-6878
                                        Karen.Shinskie@usdoj.gov